**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 16-31-DLB-HAI-2**
**CIVIL ACTION NO. 18-98-DLB-HAI**

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**


**v.**                        <u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>


**JOSHUA L. ABNEY**                                                                     **DEFENDANT**

* * * * * * * * * * * * * * * *

## I.      INTRODUCTION

This matter is before the Court on Defendant Joshua L. Abney's *pro se* Motion to

Vacate his sentence under 28 U.S.C. § 2255.  (Doc. # 200).  Consistent with local

practice, this matter was referred to United States Magistrate Judge Hanly A. Ingram for

the purpose of reviewing the Motion and preparing a Report and Recommendation

("R&R").  On October 25, 2018, Judge Ingram issued his R&R, wherein he recommends

that Defendant's Motion be denied.  (Doc. # 226).  Defendant having filed Objections to

the R&R (Doc. # 228), and the time for filing a response having expired, the R&R is now

ripe for the Court's review.  For the reasons set forth herein, Defendant's Objections (Doc.

# 228) are **overruled** and the R&R (Doc. # 226) is **adopted** as the findings of fact and

conclusions of law of the Court.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On August 11, 2016, Defendant Joshua Abney was indicted on multiple counts

relating to his involvement in a conspiracy to distribute methamphetamine and

oxycodone.  (Doc. # 1).  Defendant Abney later pled guilty to conspiring to distribute fifty or more grams of methamphetamine.  (Docs. # 79 and 81).  In return, the United States agreed to dismiss two additional counts: one for possessing with intent to distribute "a mixture or substance containing five grams or more of actual methamphetamine" and one for possessing oxycodone with the intent to distribute.  (Doc. # 81 at 1).

In his plea agreement, Defendant admitted that he "conspired with others to distribute controlled substances, including more than 50 grams of actual methamphetamine."  *Id.* at 2.  Abney's conspiracy involved packages of meth and other drugs that were sent from California to multiple addresses in northern Kentucky.  *Id.* at 3.  Defendant also admitted in his plea agreement that "the relevant conduct of the conspiracy reasonably attributable to him includes between 150 and 500 grams of actual methamphetamine, as well as quantities of oxycodone and Xanax.  *Id.*  The agreement stipulated that the base offense level under the sentencing guidelines would be 32 "based on the reasonably foreseeable amount of substances in this case."  *Id.* at 4.  Finally, by pleading guilty, Defendant waived his right to appeal his conviction and sentence and, with the exception of ineffective assistance of counsel ("IAC"), also waived his right to collaterally attack the guilty plea, conviction, and sentence.  *Id.* at 4-5.

On June 27, 2017, Defendant was sentenced to 210 months in prison, followed by five years of supervised release.  (Doc. # 180).  Abney did not appeal his sentence, which was at the low end of the guideline range of 210-262 months.  (Doc. # 207 at 3, 16-17).

On June 7, 2018, Defendant filed a Motion to Vacate his sentence under 28 U.S.C. § 2255.  (Doc. # 200).  In his Memorandum supporting his Motion to Vacate, Defendant argued that his trial counsel was ineffective for failing to object to an incorrect criminal

history score and for allowing him "to accept responsibility for far more actual methamphetamine than supported by the evidence." *Id.* at 3. He also argued that his counsel was ineffective for failing to inform him that he could take an open plea, "thereby preserving his appeal rights and the opportunity to dispute sentencing factors." (Doc. # 208 at 2).

Defendant further argued that his criminal history score was incorrectly calculated. (Doc. # 200 at 4) and that there was insufficient evidence to support an enhanced penalty based on 50 or more grams of methamphetamine being involved. *Id.* at 5. Defendant asserts that he can raise these last two issues notwithstanding the collateral-attack waiver in his plea agreement because his plea was not knowing and voluntary. (Doc. # 208 at 1, 4).

In his R&R, Judge Ingram ruled on these last two issues first. He found that the district court had conducted a proper plea colloquy under Rule 11 of the Federal Rules of Criminal Procedure and that Defendant's plea was knowing and voluntary. (Doc. # 226 at 7). Thus, by knowingly and voluntarily entering his guilty plea, Abney properly waived all non-IAC claims, including those relating to his criminal history score and the drug-quantity enhancement. *Id.*

Judge Ingram also rejected Defendant's IAC claims. First, Defendant could not demonstrate that his attorney was ineffective for not advising him to take an open plea because the evidence demonstrated that Defendant received a substantial benefit in return for accepting the Government's plea offer. *Id.* at 13. Second, Defendant failed to establish that his counsel was ineffective for not contesting the relevant conduct that was used to determine his criminal history score. *Id.* at 16. According to Judge Ingram, there

was sufficient evidence to establish Defendant's involvement in trafficking between 150 and 500 grams of actual methamphetamine, and Defendant admitted as much in his plea agreement and during his plea colloquy. *Id*. at 16-17. Finally, Judge Ingram found that Defendant's counsel was not ineffective for failing to object to the probation office's calculation of Defendant's criminal history score under the Sentencing Guidelines because his criminal history score was correctly calculated. *Id*. at 17.

On November 21, 2018, Defendant filed Objections to the R&R. (Doc. # 228). The United States did not respond to Defendant's Objections. For the reasons set forth below, Defendant's Objections are **overruled** and Judge Ingram's R&R is **adopted**.

## III. ANALYSIS

### A. Standard of Review

The Court reviews *de novo* those portions of the R&R to which specific objections have been filed. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Where no objections are made, or the objections are vague or conclusory, the Court is not required to review under any standard. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Jenkins*, No. 6:12-cr-13-GFVT, 2017 WL 3431834, at *1 (E.D. Ky. Aug. 8, 2017). Allegations in *pro se* habeas complaints are held to a less stringent standard and are construed liberally, however "inartfully pleaded." *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

An objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*,

304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)).  Thus, "objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived." *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011).  Where an objection is simply a repetition of what the magistrate judge has already considered, it fails "to put the Court on notice of any potential errors in the Magistrate's R&R." *Shephard*, 2016 WL 9115464, at *1 (citing *VanDiver*, 304 F. Supp. 2d at 938).  The findings of fact and conclusions of law in the R&R to which Defendant has not objected are adopted as the Court's. *Arn*, 474 U.S. at 150.

### B.    Defendant's General Objections

Defendant has submitted one page of objections to Judge Ingram's R&R.  (Doc. # 228).  In the first sentence, Defendant states that he "objects to all findings and recommendations made by the magistrate judge in the RECOMMENDED DISPOSITION & ORDER." *Id.*  As stated above, however, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Shephard*, No. 2016 WL 9115464, at *1 (quoting *VanDiver*, 304 F. Supp. 2d at 938). Therefore, Defendant's general objection is **overruled** and the Court will review the R&R only to the extent Defendant makes specific objections.

### C.    Defendant's Criminal History Score

The only specific objection Defendant makes is regarding the calculation of his criminal history score under the Sentencing Guidelines.  (Doc. # 228).  In his Memorandum Supporting his Motion to Vacate (Doc. # 208), Defendant argued that his

attorney was ineffective for failing to object to the Court's determination that his criminal history score totaled fourteen points, which yielded a Criminal History Category of VI. *See* (Doc. # 158 at 4-8).

Under the Guidelines, a Defendant receives three criminal history points "for each prior sentence of imprisonment exceeding one year and one month" and two points "for each prior sentence of imprisonment of at least sixty days." U.S.S.G. § 4A1.1. "The term 'sentence of imprisonment' . . . refers to the maximum sentence imposed." *Id.* § 4A1.2(b)(1). Hence, "[c]riminal history points are based on the sentence pronounced, not the length of time actually served," *id.* § 4A1.2 cmt. n.2, provided that the defendant "served at least some time." *United States v. Murphy*, 241 F.3d 447, 459 (6th Cir. 2001). If, however, "part of sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." U.S.S.G. § 4A1.2(b)(2).

Defendant contends that the district court erred in assessing him two points for a non-support conviction in 2005 because he served fewer than sixty days of his 180-day sentence. Defendant's argument is meritless. The Presentence Report ("PSR") indicates that Defendant was sentenced to 180 days imprisonment for this offense, but that his sentence was "conditionally discharged" for two years. (Doc. # 227 ¶ 52). That conditional discharge was revoked when Defendant again failed to meet his child-support obligations and Defendant was ordered to serve 180 days in jail. *Id.* As Judge Ingram properly noted, and as is plainly stated in the Guidelines, the relevant sentence for purposes of Defendant's criminal history score is the sentence pronounced, not the length of time actually served. U.S.S.G. § 4A1.2 cmt. n.2. As such, because Defendant served some of his sentence, all 180 days of Defendant's sentence is to be counted for Guideline

purposes.

In his Objections, Defendant argues that the portion of his sentence that was not served was "suspended," and thus cannot be counted as a "sentence of imprisonment." (Doc. # 228). Again, Defendant's argument lacks merit. Under Kentucky law, a sentence that is conditionally discharged is equivalent to a suspended sentence. *See United States v. Leguizamo-Pena*, 14 F. App'x 947, 948 (9th Cir. 2001) (observing that the commentary to Ky. Rev. Stat. § 533.020 states that the "concept of conditional discharge . . . merely codifies prior practice and serves to supplant the well-known judicial tool entitled 'suspended sentence'"). Thus, Defendant's original 180-day sentence, for which he was conditionally discharged, was effectively "suspended." That conditional discharge was revoked, however, and the 180-day sentence was re-imposed. Under § 4A1.2(k), which "covers revocations of probation and other conditional sentences," U.S.S.G. § 4A1.2 cmt. n.11, any term of imprisonment imposed upon revocation is added to the original term of imprisonment for point-calculation purposes. Abney does not contend that his re-imposed sentence was ever suspended, and there is nothing in the PSR suggesting as much. Hence, the full length of Abney's 180-day re-imposed sentence is considered a "sentence of imprisonment" under § 4A1.1(b)(1) and was properly accounted for in Defendant's criminal history score.

Defendant similarly argues that his July 3, 2008 conviction for felony possession of marijuana cannot count for three points towards his criminal history score because he was sentenced to 1,095 days, 1,065 of which was suspended. (Docs. # 208 at 5 and 228). Abney again cites to § 4A1.2(b)(2), arguing that his prior "sentence of imprisonment" under the Guidelines was only thirty days because the rest of his 1,095-

day sentence was suspended. (Doc. # 228). Abney's argument fails for the same reason as outlined above. The PSR indicates that after Defendant served the non-suspended portion of his sentence, he was twice arrested for probation violations and sentenced to 12-month and 3-month terms of imprisonment, neither of which were suspended. (Doc. # 27 para 54). Thus, under § 4A1.2(k), Defendant's "sentence of imprisonment" totaled 16 months, comprising of Defendant's original 30-day non-suspended sentence plus his subsequent 12-month and 3-month sentences for probation violations. As a 16-month sentence is sufficient to count for three points under the Guidelines, the district court properly calculated the impact of Defendant's felony-possession conviction on his criminal history score.

To establish ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Because an objection to inclusion of [Abney's non-support and felony-possession convictions] in the calculation of his criminal history score would have been futile, [Abney] cannot show that his attorney was constitutionally 'ineffective' in failing to make such an objection." *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000). Abney's Objection on this basis is therefore **overruled**.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     Defendant's Objections to the Magistrate Judge's R&R (Doc. # 228) are hereby **OVERRULED**;

(2)     the Magistrate Judge's Report and Recommendation (Doc. # 226) is **ADOPTED** as the findings of fact and conclusions of law of the Court;

(3)     Defendant's Motion to Vacate his Conviction and Sentence (Doc. # 200) be, and is hereby, **DENIED**;

(4)     the Court determines there would be no arguable merit for an appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**;

(5)     this matter be, and is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket; and

(6)     a Judgment shall be entered contemporaneously herewith.

This 10th day of August, 2019.

Signed By:

*David L. Bunning*

United States District Judge